TUCKER v. BRYAN et al.

In re EAST COAST LUMBER CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1913.)

No. 1093.

1. LIENS (§ 16*) — COMMON-LAW LIEN — WAIVER BY CLAIMING STATUTORY LIEN.

By instituting proceedings to claim and perfect a lien given by statute, the claimant waives the right to claim a common-law lien.

[Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 7–16; Dec. Dig. § 16.*]

2. LOGS AND LOGGING (§ 26*)—STATUTORY LIENS—"LABORER."

Persons contracting to log and cut certain timber for a stated price per thousand feet for the lumber produced *held* not "laborers," within the meaning of Code Va. 1904, § 2485, and not entitled to a lien on the lumber thereunder.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 60–66; Dec. Dig. § 26.*

For other definitions, see Words and Phrases, First and Second Series, Laborer.

Who are entitled to liens or preferences as laborers or employés, see note to Latta v. Lonsdale, 47 C. C. A. 2.]

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of the East Coast Lumber Company, bankrupt. On petition of L. L. Tucker, as surviving partner of W. L. & L. L. Tucker, against George Bryan, trustee, and John A. Lamb and P. H. C. Cabell, receivers, of said bankrupt, to review and revise an order of the District Court denying petitioners' right to a lien. Affirmed.

The following is the opinion of Snead, Referee:

Pursuant to an order entered in the above-entitled matter upon the 12th day of November, 1910, referring the petition of W. L. & L. L. Tucker to him to consider, your referee in bankruptcy begs to certify:

That upon the 15th day of December, 1910, all parties interested herein appeared before your referee, either in person or by counsel, for the purpose of taking up the question raised in said petition, and, upon the motion of the receivers and trustee, by counsel, to reject said petition, and after hearing argument upon said motion, he entered an order, a copy of which is annexed to the petition hereinafter referred to, refusing said petitioners the right to file their said petition. That thereupon, on the 9th day of January, 1911, said petitioners presented a further petition for a review of said order, which was granted. That the question presented on this review is whether or not petitioners' first petition presented such a cause of action as would entitle them to have the same filed. That petitioners insisted upon taking depositions to show that they were entitled to have their petition filed, but your referee was of opinion that the same showed upon its face that it did not present a good cause of action, and that, therefore, it was not necessary to take any testimony to determine this question.

Said petition sets forth that upon the 23d day of July, 1906, petitioners entered into a contract with the South Atlantic Lumber Company, Incorporated, the name of which company was afterwards changed to that of the East

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Coast Lumber Corporation, by which they agreed to move their sawmill upon the property of the South Atlantic Lumber Company, Incorporated, and to there log, mill out, and rack certain lumber for the sum of $5.50 per thousand; that they did so log, mill out, and rack 417,800 feet, for which they claim they are due the sum of $2,193.51, with interest from October 4, 1907; that petitioners are entitled to a common-law lien for this amount, and that they are also entitled to, and have perfected, a statutory lien for same, as provided by section 2485 of the Code of Virginia. That it fully appears, from the record in this matter, that petitioners have, as set forth in their said petition, perfected their statutory lien in accordance with sections 2485 and 2486 of the Code of Virginia; but it is contended by counsel for the receivers and trustee, and your referee is of opinion, that petitioners are not entitled to a lien under section 2485 of the Code of Virginia, and that by resorting to this method of collecting their money they have waived their common-law lien, if they ever had one. For authority for the proposition that petitioners have waived their common-law lien, as aforesaid, see Amer. & Eng. Ency. of Law (2d Ed.) p. 32.

Your referee is of opinion that petitioners are not entitled to a statutory lien under section 2485 of the Code of Virginia, because their petition sets forth and shows that they are contractors and not laborers, and laborers and not contractors are the class intended to be protected by this statute. Petitioners contend that they are laborers within the meaning and intent of this statute, but from a careful consideration of the cases construing this and similar statutes your referee is of opinion that they are not. See Vane v. Newcomb, 132 U. S. 220, 10 Sup. Ct. 60, 33 L. Ed. 310, and Frick Co. v. Norfolk & O. V. R. Co. et al., 86 Fed. 725, 32 C. C. A. 31; the latter case construing the statute in question and citing the former, in which was construed a similar statute, which used the word "employé," and in which case the facts were practically the same as those in the Frick Case, as well as those in the one under consideration.

I hand up herewith the petition I refused to allow to be filed, as well as all other papers that have been filed in this matter incident to petitioners' claim. All of which is respectfully submitted for review by the District Court.

The following is the opinion of Waddill, District Judge:

The conclusion reached by the court is that the action of the referee, in deciding adversely to the claim of the petitioners of their right to assert at this time a lien against the fund under the control of the court, either under the statute or at common law, for the amount sought to be recovered by them, as set up in their said petition, is correct, and should be approved.

John A. Coke, Jr., of Richmond, Va. (W. E. Homes, of Boydton, Va., and Coke & Pickrell, of Richmond, Va., on the brief), for petitioner.

John A. Lamb and Henry C. Riely, both of Richmond, Va., for respondents.

Before GOFF and PRITCHARD, Circuit Judges, and McDOWELL, District Judge.

PER CURIAM. Affirmed.

217 F.—37